UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO.: 19-CV-61838-ALTONAGA/SELTZER**

THE PINES OF OAKLAND FOREST WEST
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

NAVIGATORS SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## **ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, NAVIGATORS SPECIALTY INSURANCE COMPANY ("NSIC"), by and through the undersigned counsel, hereby files its answer and affirmative defenses to the Complaint filed by Plaintiff, THE PINES OF OAKLAND FOREST WEST CONDOMINIUM ASSOCIATION, INC. (the "Association"), as follows:

### **Jurisdiction, Venue and Parties**

1. NSIC admits the allegations contained in Paragraph 1 of the Complaint for jurisdictional purposes only, but NSIC denies any and all liability for the purported cause of action in this suit.

2. Admitted.

3. NSIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and on that basis denies them.

4. NSIC admits that it is a New York corporation with its principal place of business in New York. NSIC further admits that the Florida Office of Insurance Regulation has authorized

NSIC to issue surplus lines property and casualty insurance in the State of Florida. As respects the remaining jurisdictional allegations contained in Paragraph 4 of the Complaint, NSIC admits only that subject matter jurisdiction and personal jurisdiction exist. NSIC denies the other allegations contained in Paragraph 4 of the Complaint.

5. NSIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and on that basis denies them.

6. NSIC admits only that venue is proper. NSIC denies the remaining allegations contained in Paragraph 6 of the Complaint.

## General Allegations

7. To the extent the allegations in Paragraph 7 purport to construe or characterize certain pleadings filed in another action, NSIC denies any allegations that are inconsistent with the actual content of those pleadings, which are written documents that speak for themselves. NSIC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint and on that basis denies them.

8. NSIC admits that it issued policy number CH14NP30A6Z68NC to Gaco Western LLC ("Gaco") bearing effective dates of April 1, 2014 to April 1, 2015; policy number CH15NP30A6Z68NC to Gaco bearing effective dates of April 1, 2015 to June 1, 2016; and policy number CH16NP30A6Z68NC to Gaco bearing effective dates of June 1, 2016 to June 1, 2017 (together, the "Policies"). To the extent the allegations in Paragraph 8 purport to construe or characterize the Policies, NSIC denies any allegations that are inconsistent with the actual provisions of the Policies, which are written documents that speaks for themselves. NSIC further admits that it received certain pleadings filed in the action styled *The Pines of Oakland Forest West Condominium Association Inc. v. Quest Engineering & Testing Services, Inc., et al.*, bearing

case number CACE-16-014678, pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "Underling Suit"). NSIC denies any remaining allegations contained in Paragraph 8 of the Complaint.

9. To the extent the allegations in Paragraph 9 purport to construe or characterize the letter dated September 5, 2018 attached as Exhibit C to the Complaint, NSIC denies any allegations that are inconsistent with the actual content of said letter, which is a document that speaks for itself. NSIC denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. To the extent the allegations in Paragraph 10 purport to construe or characterize the letter dated December 19, 2018 attached as Exhibit D to the Complaint, NSIC denies any allegations that are inconsistent with the actual content of such letter, which is a document that speaks for itself.

11. NSIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and on that basis denies them.

12. NSIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and on that basis denies them.

13. NSIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and on that basis denies them.

14. To the extent the allegations in Paragraph 14 purport to construe or characterize the Policies, NSIC denies any allegations that are inconsistent with the actual provisions of the Policies, which are written documents that speaks for themselves. NSIC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint and on that basis denies them.

## COUNT I (Breach of Insurance Contract)

15. NSIC adopts and re-avers its responses set forth in Paragraphs 1 through 14 above as if fully set forth herein.

16. NSIC admits that the Policies were valid contracts but denies that the Policies provide any coverage for this action.

17. NSIC denies the allegations contained in Paragraph 17 of the Complaint.

18. NSIC denies the allegations contained in Paragraph 18 of the Complaint.

19. NSIC denies the allegations contained in Paragraph 19 of the Complaint.

20. NSIC denies the allegations contained in Paragraph 20 of the Complaint.

21. NSIC denies the allegations contained in Paragraph 21 of the Complaint.

## AFFIRMATIVE DEFENSES

NSIC raises the following affirmative defenses to the Complaint and reserves its right to amend or add additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against NSIC.

## SECOND AFFIRMATIVE DEFENSE

The Association's claim is barred to the extent the complaints in the Underlying Suit do not allege any "property damage" caused by an "occurrence" during the "policy period" as those terms are defined in the Policies.

## THIRD AFFIRMATIVE DEFENSE

The Association's claim is barred to the extent Exclusion j. to the Policies applies to bar coverage for any "property damage" to "your product" arising out of it or any part of it.

**FOURTH AFFIRMATIVE DEFENSE**

The Association's claim is barred to the extent Exclusion k. to the Policies applies to bar coverage for any "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

**FIFTH AFFIRMATIVE DEFENSE**

The Association's claim is barred to the extent Exclusion l. to the Policies applies to bar coverage for any "property damage" to "impaired property" or property that has not been physically injured, arising out of a defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work" or a delay or failure by Gaco or anyone acting on its behalf to perform a contract or agreement in accordance with its terms.

**SIXTH AFFIRMATIVE DEFENSE**

The Association's claim is barred to the extent Exclusion m. to the Policies applies to bar coverage for any damages claimed for any loss, cost, or expense incurred for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal, or disposal of "your product," "your work," or "impaired property" if such product, work, or property is withdraw or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy, or dangerous condition in it.

**SEVENTH AFFIRMATIVE DEFENSE**

Coverage is or may be limited to the extent that other valid and collectible insurance is available to the Association.

**EIGHTH AFFIRMATIVE DEFENSE**

The Association's claim is barred to the extent the *Coblentz* Settlement Agreement dated May 6, 2019 between the Association and Gaco is unenforceable.

**WHEREFORE**, NSIC demands that the Complaint be dismissed on the merits and with prejudice, or that judgment be entered in NSIC's favor, and that NSIC be awarded the costs of suit incurred hereunder, together with reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

Dated: September 30, 2019              Respectfully submitted,

                                                           **ROBINSON+COLE**
777 Brickell Avenue, Suite 680
Miami, Florida 33131
Telephone: (786) 725-4120
Facsimile: (786) 725-4121

By: /s/ Joel L. McNabney
      Eugene P. Murphy
      Florida Bar No. 638501
      emurphy@rc.com
      Joel L. McNabney
      Florida Bar No. 106507
      jmcnabney@rc.com
      ***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 30, 2019 a true and correct copy of the foregoing was furnished via the Florida E-Portal System upon:

Robert Ader, Esq.
Elizabeth Hitt, Esq.
**ADER & HITT, P.A.**
Bank of America Tower, Suite 3550
100 SE 2nd Street
Miami, Florida 33131
Telephone: (305) 371-6060
Facsimile: (305) 358-5917
Email:  rader@aderhittlaw.com
           ehitt@aderhittlaw.com
*Attorneys for Plaintiff*

        **ROBINSON+COLE**
        777 Brickell Avenue, Suite 680
        Miami, Florida 33131
        Telephone: (786) 725-4120
        Facsimile: (786) 725-4121

        By: /s/ Joel L. McNabney
            Joel L. McNabney
            Florida Bar No. 106507